## The Inhabitants of the Town of Freeport *versus* The Inhabitants of the Town of Edgecumbe.

In a prosecution against a town for the support of a person alleged to be a pauper, it is competent to the defendants to prove his ability to maintain himself. A plea in bar stating that fact would be good on a general demurrer. Otherwise on a special demurrer, assigning for cause that it amounted to the general issue.

Assumpsit. The declaration contained two counts. *First, Indebitatus assumpsit* for money laid out and expended. The *Second* stated, that on the tenth day of *December*, 1802, one *E. J.*, *being an inhabitant* of the said town of *Edgecumbe*, and having a lawful settlement therein, but then found in and residing in the said town of *Freeport*, in distress, and standing in need of immediate relief, the plaintiffs, as they were obliged thereto, then and there provided for her relief, &c., from the said 10th day of December to the 10th day of June following ; that they gave notice to the defendants on the 22d day of April, 1803 ; and that, having so provided, the defendants became liable to pay, &c., and promised to pay accordingly ; and that, by force of the statute, action had accrued, &c.

The defendants pleaded, *First*, the general issue ; and *Secondly*,

342

protesting that the said *E. J.* was not an inhabitant of *Edgecumbe*, and that she had not a lawful settlement therein, for plea said that the said *E. J.* was not a pauper, and that she had * an estate, and was of sufficient ability to maintain [ * 460 ] herself, &c.

To this plea there was a general demurrer, and joinder.

*Parker*, in support of the demurrer, relied upon the 9th *sect.* of the act of Feb. 26, 1794, (*stat.* 1793, *c.* 59, § 9,) which enacts " that it shall also be the duty of the overseers of the poor in their respective towns, to provide for the immediate comfort and relief of all persons residing or found therein not belonging thereto, but having their lawful settlements in other towns, when they fall into distress, and stand in need of immediate relief, and until they shall be removed to the places of their lawful settlements, the expenses whereof, incurred within three months next before notice given to the town to be charged, may be sued for and recovered in a civil action, by the town incurring the same, against the town wherein such persons had such settlements." And he contended that the plea was no answer to the declaration, because it was the manifest intention of the legislature, by this humane and benevolent provision, to make it the duty of the overseers to relieve *all persons* in distress, and standing in need of immediate assistance, without waiting to inquire whether the person standing in need of relief was of sufficient ability to make compensation. For support and necessaries so afforded and found, an action was expressly given against the town in which such person was settled; and such town is left to its remedy against the person relieved. If this be not the meaning of the statute, the person might perish for want of necessaries, while the inquiry was making as to his ability to support himself.

*Chase*, contra. The demurrer admits that *E. J.*, the person relieved and supported, was not a pauper, but that she had an estate, and was of sufficient ability to maintain herself. The title of the statute * and every provision in the act [ * 461 ] shows clearly that the object of the law was to provide for the relief, removal, &c., of *poor persons*, and of those only. The title expresses that the act was made " for the relief and support, employment and removal of the poor; " and in the very *sect.* of the statute relied on by the counsel for the plaintiffs, the person relieved is supposed to be a pauper, as is evident from the words therein used subsequent to that part of it which he read. Those words are— " And in such civil action the settlement of the *pauper* shall not be contested by the defendants, if it hath been then adjudged to be in

343

their town; and a recovery in such action shall bar the town against which the same shall be had, from disputing the settlement of *such pauper* in such town," &c. It never could have been the intention of the legislature to extend this remedy by action against a *town*, where the person relieved was able to support himself; for in such case there would be an adequate remedy against the person.

*Parker*, in reply. Upon the construction contended for by the counsel for the defendants, the manifest object of the provision in this *sect.* of the act would be completely evaded. But it is clear that the statute is compulsory on the overseers; they are required to provide for the *immediate* relief and comfort of *all persons* found in the circumstances mentioned; and the remedy by action is as extensive as the requisition. In every other part of the statute the legislature has used the words "poor" and "pauper," which shows that this part of the act was meant to extend further than to poor persons— to paupers, in the technical meaning of the word. And there is a very good reason why it was so extended. Persons who are not, in the strict, legal sense of the term, paupers, may often be [ * 462 ] found in such circumstances * that they must perish if they were to depend on mere charity. The word "pauper," which is twice used in the latter part of the ninth *sect.* relied on by the counsel for the defendants, is evidently used *there* not technically, but relatively to what was before mentioned. If it be certain,—and it is not denied,—that this clause of the statute obliges the overseers to provide for the relief of *all persons* who are in the circumstances mentioned, it is equally certain that the same clause gives an action to the town to recover for the expenses incurred, *against the town* wherein *such persons* had settlements. When, therefore, it is afterwards said that in *such action* the settlement of the *pauper* shall not be contested, &c., it is obvious the term *pauper* must in *this place* mean *the person* for whose relief and support the expense had been incurred; and, to this purpose, he might be considered as a pauper, during the time he was *so* relieved and supported. [SEWALL, J. The question seems to be, not as to the duty of the overseers, but as to the remedy.] *Parker.* The *general* object of the statute is admitted; but for the reasons given, it is believed that this particular *sect.* goes further, and, by express words, comprehends the case now before the Court.

The Court, (*Sedgwick, Sewall,* and *Thacher,* justices) seemed inclined to think that the plea was good; and the counsel, believing that their opinion was against him, moved for liberty to withdraw the demurrer and reply. Upon which the Court said that the

344

plea amounted to the general issue, and would have been bad upon a special demurrer assigning that for cause; and that the facts relied on, in the plea in bar, would be proper evidence under the plea of *non assumpsit.* The counsel for the parties immediately agreed to strike out *these* pleadings, and that the cause should proceed to trial under the general issue.

\* Afterwards, in this term, it came on for trial before [ \* **463** ] SEWALL, J. Upon the trial it appeared in evidence that the overseers of the poor in *Freeport* had, more than two months previous to the commencement of the present action, given notice to the overseers of the poor in *Edgecumbe* of the facts relating to the supposed pauper, and requesting her removal to *Edgecumbe,* as pointed out in the 12th *sect.* of the act ; and that such removal was not effected, nor objected to by them.

The judge ruled that, as it was in this *sect.* of the act expressly declared that in such cases " the town in which the settlement of the pauper is supposed to be *shall be liable* for the expenses of his support and removal, to be recovered by action, by the town incurring the same, and *shall be barred* from contesting the question of settlement with the plaintiffs in such action," it was immaterial whether the person supposed to be a pauper was or was not so in fact. The overseers of the poor in *Edgecumbe,* not having objected to the request, had, by their neglect, bound their town, so far as it respected the demand of the plaintiffs in the presentation ; and if the person supposed to be a pauper was not so in fact, the town of *Edgecumbe* had its remedy against her. Had the question of settlement been open and liable to be contested between the parties, as, for aught that appeared upon the demurrer to the second plea, it might have been, then undoubtedly it would have been competent to the defendant to prove the ability of the supposed pauper to maintain herself. But the statute is express that where the request to remove the pauper is not objected to, within two months, her settlement shall, as between these parties, be considered as fixed and determined ; and it is equally express in declaring that the defendants shall be liable for the expenses incurred for her support.

See *Topsham* vs. *Harpswell,* post, p. 518; and *Quincy* vs. *Braintree,* post, vol. \. 86.